IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN SCOZZAFAVA,

     Plaintiff,

                                          CASE NO.:

-vs-

NAVIENT SOLUTIONS, INC.,

     Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Brian Scozzafava, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

**JURISDICTION AND VENUE**

5.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012)

and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

      8.     Venue is proper in this District as Plaintiff resides within this District

(Pasco County, Florida), the violations described in this Complaint occurred in this

District and the Defendant transacts business within Pasco County, Florida.

## FACTUAL ALLEGATIONS

      9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in

Pasco County, Florida

      10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

      11.     Plaintiff is an "alleged debtor."

      12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755

F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th

Cir. 2014).

      13.     Defendant, NAVIENT SOLUTIONS, INC., is a corporation with its

principal place of business located at 2001 Edmund Halley Drive, Reston, VA 20191 and

which conducts business in the State of Florida through its registered agent, Corporation

Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

      14.     The debt that is the subject matter of this Complaint is a "consumer debt"

as defined by Florida Statute §559.55(6).

15.     NAVIENT SOLUTIONS, INC. called Plaintiff on Plaintiff's cellular telephone approximately 150 times since September, 2015, in an attempt to collect a student loan debt.

16.     NAVIENT SOLUTIONS, INC. attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17.     Defendant attempted to offer Plaintiff the use of Defendant's services in the refinance, modification, short sale or foreclosure of an alleged debt.

18.     NAVIENT SOLUTIONS, INC. intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

19.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and he received prerecorded messages from NAVIENT SOLUTIONS, INC.

20.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (727) ***-4783 and was the called party and recipient of Defendant's calls.

21.     Beginning on or about September, 2015, NAVIENT SOLUTIONS, INC. began bombarding Plaintiff's cellular telephone (727) ***-4783 in an attempt to collect on a student loan.

22.     Plaintiff revoked consent to be called at least three (3) times – on or about late February, 2016, late March, 2016, and early to mid-April, 2016.

23.     Despite continually revoking consent to be called, NAVIENT SOLUTIONS, INC. continued to robo-dial Plaintiff's cellphone from September, 2015 through the filing of this complaint in May, 2016.

24.     While Plaintiff did not keep an exact and contemporaneous call log of all the autodialer calls he received from NAVIENT SOLUTIONS, INC., Plaintiff estimates receving at least 150 autodialer calls from NAVIENT SOLUTIONS, INC. in 2016 alone.

25.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, distress and aggravation.

26.     NAVIENT SOLUTIONS, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

27.     NAVIENT SOLUTIONS, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or NAVIENT SOLUTIONS, INC., to remove the number.

28.     NAVIENT SOLUTIONS, INC.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to NAVIENT SOLUTIONS, INC. they wish for the calls to stop.

29.     NAVIENT SOLUTIONS, INC. has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

30.     NAVIENT SOLUTIONS, INC. has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

31.     NAVIENT SOLUTIONS, INC. has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

32.     Defendant has previously stipulated in other TCPA litigations that the equipment used to make phone calls, such as the phone calls received by Plaintiff in this case, was indeed an ATDS and/or a predictive dialer.

33.     NAVIENT SOLUTIONS, INC.'s corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

34.     NAVIENT SOLUTIONS, INC. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35.     Not a single call placed by NAVIENT SOLUTIONS, INC. to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36.     NAVIENT SOLUTIONS, INC. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37.     As a result of the calls described above, Plaintiff suffered an invasion of privacy.

## COUNT I
### (Violation of the TCPA)

38.     Plaintiff fully incorporates and realleges paragraphs 1 through 34 as if fully set forth herein.

39.     NAVIENT SOLUTIONS, INC. willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified NAVIENT SOLUTIONS, INC. that he wished for the calls to stop.

40.     NAVIENT SOLUTIONS, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

41.     Plaintiff fully incorporates and realleges paragraphs 1 through 34 as if fully set forth herein

42.     At all times relevant to this action NAVIENT SOLUTIONS, INC. is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

43.     NAVIENT SOLUTIONS, INC. has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

44.     NAVIENT SOLUTIONS, INC. has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

45.     NAVIENT SOLUTIONS, INC.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Tav Gomez

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa,  P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Florida Bar #:  0338620
Attorney for Plaintiff